**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|         **Respondent/Plaintiff,** ) | |
| **vs.** ) | **No. 3:03-CR-0188-N** |
| ) | **No. 3:05-CV-1488-N (BH)** |
| **ORALIA MICHELLE HINOJOSA,** ) | **ECF** |
| **ID # 30816-177,** ) | |
| ) | |
|         **Movant/Defendant.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

As a result of her plea of guilty to Count 1 of the indictment, defendant Oralia Michelle Hinojosa was adjudged guilty of conspiracy to possess with intent to distribute and distribution of more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846, and sentenced to 120 months imprisonment. Movant did not appeal her conviction or sentence.

In her motion to vacate pursuant to 28 U.S.C. § 2255, Hinojosa claims[1] that (1) her attorney

---

[1]Hinojosa asserts grounds for relief in both the form motion and throughout the attachment pages.

rendered ineffective assistance of counsel by (a) failing to file a notice of appeal, (b) failing to explain the presentence report, (c) failing to advise her that her sentence would be 120 months, and (d) failing to look at mitigating factors to assess the sentence of a first time offender; (2) the government breached the plea agreement; (3) her sentence was imposed in violation of the Fifth and Sixth Amendments to the Constitution; (4) the Court applied sentencing enhancements and drug quantity tables based on an incorrect standard of proof; (5) the indictment did not specify any particular drug quantity; (6) the plea agreement did not specify a drug amount; (7) as the sentencing guidelines were declared unconstitutional, her sentence imposed under the guidelines violates the Constitution; and (8) she was denied her rights under the Sixth Amendment to have a jury determine any fact that increases her sentence as a result of *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005). The government filed a response to the motion to vacate in which it argues that the motion is untimely, and that as to the claims arising under the *Booker* line of cases, that the Court lacks jurisdiction to consider such claims on collateral review.

## II.  STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this instance, movant has alleged no government-created impediment under ¶ 6(2) that prevented her from filing her motion to vacate. As all of Hinojosa's claims in this motion, other than those arising under *Booker,* assert challenges to the events surrounding her plea and imposition of sentence, such claims are governed by, and the statute of limitations runs from the date her conviction became final pursuant to ¶ 6(1). The question of whether Hinojosa can invoke ¶ 6(3) based upon the *Booker* line of cases will also be addressed.

As Hinojosa did not file a direct appeal, her conviction was final upon the expiration of the time to seek such appeal. The judgment was entered on the docket on June 28, 2004. Thus, any notice of appeal was due in this instance on July 13, 2004. See FED R. APP. P. 4(b)(1)(A)(i)(notice of appeal must be filed ten days from entry of judgment) and FED R. APP. P. 26(a)(2)(excluding weekend days and legal holidays when period is less than eleven days). The deadline for filing a motion under 28 U.S.C. § 2255 was therefore July 13, 2005. Although Hinojosa's motion was file-stamped in this Court on July 26, 2005, she is entitled to the mailbox rule to determine when her motion was constructively filed.[2] Hinojosa certified that she placed the motion under 28 U.S.C. § 2255 in the prison mailbox on July 18, 2005, so that is the date her motion is constructively filed under the mailbox rule. Hinojosa thus filed her motion beyond the § 2255 ¶ 6(1) limitations

---

[2]A pro-se prisoner's habeas-corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court ("the mailbox rule"). *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (2255), *citing Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (2254); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998).

deadline.[3]

To the extent Hinojosa raises claims under *Booker,* the Court construes such claim as an argument that the limitations period commenced as to such claim under § 2255 ¶ 6(3). The Supreme Court has defined the application of § 2255 ¶ 6(3):

> Paragraph 6(3) identifies one date and one date only as the date from which the 1-year limitation period runs: "the date on which the right asserted was initially recognized by the Supreme Court." [Defendant's] reliance on the second clause to identify the operative date is misplaced. That clause--"if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"--imposes a condition on the applicability of this subsection. See Webster's Third New International Dictionary 1124 (1993) (the definition of "if" is "in the event that" or "on condition that"). It therefore limits ¶ 6(3)'s application to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."§ 2255, ¶ 6(3). That means that ¶ 6(3)'s date--"the date on which the right asserted was initially recognized by the Supreme Court"--*does not apply at all* if the conditions in the second clause--the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"--have not been satisfied.

*Dodd,* 545 U.S. at 358(emphasis added).

Under the Supreme Court's analysis in *Dodd,* even if the *Booker* opinion can be said to have created a newly recognized right, that fact does not trigger the running of limitations unless the "made retroactive" condition of the second clause has been met. After subjecting the *Booker* holding to the *Teague v. Lane,* 489 U.S. 288 (1989) retroactivity analysis, the Court of Appeals for the Fifth Circuit expressly held that "*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion."[4] Thus, the *Booker* opinion does not create a new commencement date for

---

[3]

[4]*United States v. Gentry,* 432 F.3d 600, 601 (5th Cir. 2005); *see also United States v. Brown,* 305 F.3d 304, 310 (5th Cir. 2002) (holding that new rule of criminal procedure announced in *Apprendi* does not apply retroactively on initial collateral review), *cert. den'd,* 538 U.S. 1007 (2003); *see generally In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005) (*Apprendi, Blakely,* and *Booker* not retroactive for purposes of successive motions under 28 U.S.C. § 2255).

§ 2255 limitations purposes under paragraph 6(3), and Hinojosa's claims under the *Booker* line of cases are also barred.[5]

### III.  EQUITABLE TOLLING

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *Patterson*, 211 F.3d at 930. "[S]uch tolling is available only when the [movant] meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his [motion to vacate] on time." *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Movant "bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)(footnote omitted). As Hinojosa has not claimed that she is entitled to equitable tolling, and she has not otherwise recited facts to demonstrate any circumstances beyond her control that prevented her from timely filing, she is not entitled to equitable tolling.

### IV.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

---

[5]*See generally United States v. Osborne*, No. Crim No. H-98-429-6, 2005 WL 1693942, at *4 (S.D.Tex. July 20, 2005) ("A section 2255 movant cannot take refuge in the limitations period set out at paragraph 6(3) to raise a late challenge under *Blakely* or *Booker*.")

Court **DISMISS WITH PREJUDICE** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 9th day of November, 2007.**

                                                                          _Irma Carrillo Ramirez_
                                                                          IRMA CARRILLO RAMIREZ
                                                                          UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                          _Irma Carrillo Ramirez_
                                                                          IRMA CARRILLO RAMIREZ
                                                                          UNITED STATES MAGISTRATE JUDGE